UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DEPREE,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY A. JUNGWIRTH II, et al.,<br><br>        Defendants. | No. 2:22-cv-01462-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants Jerry A. Jungwirth II ("Jungwirth"), Richard Knox ("Knox"), Eric Patterson ("Patterson"), and County of Tehama's ("County") (collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) Plaintiff Scott Depree ("Plaintiff") filed an opposition. (ECF No. 10.) Defendants filed a reply. (ECF No. 12.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Defendants' motion.

///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2018, Deputy Jungwirth observed what he believed to be a marijuana cultivation on Plaintiff's property located at Ridgeline Court in Cottonwood, California. (ECF No. 1 at 5.) On May 21, 2018, Deputy Jungwirth issued a Notice of Violation and Proposed Administrative Penalty, Notice to Abate Unlawful Marijuana Cultivation, and Administrative Order to Show Cause to the owner(s) and/or occupants of the property. (*Id.*) Within an hour of posting the notice, Deputy Jungwirth alleged a male contacted the Tehama County Environmental Health Office and aggressively stated that Ridgeline Court was a private road and ordered Tehama County personnel to stay away. (*Id.* at 5–6.) Subsequently, a different deputy attempted to conduct a reinspection of the property and was denied access. (*Id.* at 6.) Deputy Jungwirth then filed an application for inspection and abatement warrant and supporting affidavit. (*Id.* at 5.)

During an administrative hearing held on May 30, 2018, Plaintiff made several loud outbursts and was ordered to leave the hearing. (*Id.*) Prior to leaving the hearing, Plaintiff pointed at Deputy Jungwirth and said, "If you ever come near my property again, I'm going to fuck you up." (*Id.*) Following the hearing, Deputy Jungwirth requested permission to conduct the inspection immediately without the presence of the owner(s) and without having to give twenty-four-hour notice. (*Id.* at 7.) Deputy Jungwirth also requested a warrant be issued for Plaintiff's arrest under California Penal Code § 69 for Resisting or Deterring an Executive Officer in response to Plaintiff's behavior at the administrative hearing. (*Id.* at 8.)

On June 7, 2018, Deputy Jungwirth, Sergeant Knox, and Detective Patterson went to Plaintiff's property to execute the marijuana abatement warrant and serve the arrest warrant. (*Id.* at 11–12.) Deputy Jungwirth cut the cable off the front gate to allow access to the property, and Detective Patterson announced over a public announcement system in an armored vehicle that Plaintiff was under arrest, that there was a warrant for his arrest, and that he should walk out toward the vehicle. (*Id.*) Plaintiff exited his residence, began to walk towards the vehicle, and stopped at approximately the halfway point between his house and the armored vehicle. (*Id.*) Sergeant Knox fired a single bean bag round and struck Plaintiff. (*Id.* at 12.) Two other deputies handcuffed Plaintiff after he fell to the ground. (*Id.* at 12.)

1    Plaintiff was charged with two counts of Resisting or Deterring an Executive Officer
2    under California Penal Code § 69.[1]  (ECF No. 7-2, Exh. C.)  Count One charged Plaintiff in
3    connection with the altercation involving Deputy Jungwirth at the administrative hearing on May
4    30, 2018.  (*Id.*)  Count Two charged Plaintiff in connection with the June 7, 2018, service of the
5    warrants.  (*Id.*)  Both counts were eventually dismissed, and Plaintiff instead pleaded *nolo*
6    *contendre* to one count of Resisting, Delaying, or Obstructing Officer or Emergency Medical
7    Technician under California Penal Code § 148 as it pertained to Deputy Jungwirth.  (*Id.*, Exh. D.)
8    Plaintiff filed the instant action on August 18, 2022.  (ECF No. 1.)  Plaintiff alleges the
9    following claims: (1) violation of the Fourth Amendment right to be free of unreasonable search,
10   unreasonable seizure, and excessive force; (2) false arrest and false imprisonment under 42
11   U.S.C. §§ 1983 and 1985; (3) false arrest and false imprisonment under California Civil Code §§
12   52 and 52.1; (4) conspiracy under 42 U.S.C. §§ 1983 and 1985; (5) violation of constitutional
13   rights for failure to adequately train and supervise under 42 U.S.C. §§ 1983 and 1985; and (6)
14   violation of constitutional rights by failure to adequately train and supervise Deputy District
15   Attorneys under 42 U.S.C. §§ 1983 and 1985.  (ECF No. 1 at 14, 16–19.)  Defendants filed the
16   instant motion to dismiss all claims on November 28, 2022.  (ECF No. 7.)

**II.   STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . .

---

[1]  Defendants request the Court take judicial notice of records from Plaintiff's state criminal court case.  (ECF No. 7-2.)  Plaintiff does not oppose Defendants' request.  The Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The Ninth Circuit has held that the proceedings and determinations of the courts are a matter of public record suitable for judicial notice.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  Thus, the Court GRANTS Defendant's request.

3

1  claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555
2  (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies
3  on liberal discovery rules and summary judgment motions to define disputed facts and issues and
4  to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

5  On a motion to dismiss, the factual allegations of the complaint must be accepted as
6  true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every
7  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*
8  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege
9  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
10 relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

11 Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
12 factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.
13 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
14 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
15 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
16 elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
17 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
18 statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences
19 are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355
20 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the
21 plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in
22 ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council*
23 *of Carpenters*, 459 U.S. 519, 526 (1983).

24 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
25 facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
26 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
27 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
28 680.  While the plausibility requirement is not akin to a probability requirement, it demands more

than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).  If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

**III.  ANALYSIS**

Defendants move to dismiss all of Plaintiff's claims.  (ECF No. 7-1 at 2.)  In opposition, Plaintiff voluntarily dismisses "all causes of action against all [D]efendants, except Deputy Jungwirth and Sergeant Knox, County of Tehama, Tehama County Sheriff's Office, and the Doe [D]efendants." (ECF No. 10 at 1.)  Accordingly, the Court DISMISSES those claims without leave to amend.[2]  The only remaining claims are Claim One for unlawful search and seizure against Deputy Jungwirth and Doe Defendants and excessive force against Sergeant Knox and Claim Five for *Monell* liability against the County and Tehama County Sheriff's Office for failure to adequately train and supervise Sergeant Knox.  (*Id.*)  The Court will address Defendants' arguments regarding claims One and Five in turn.

        A.     <u>Claim One</u>

Claim One has two components: (1) a Fourth Amendment claim for unlawful search and seizure against Deputy Jungwirth; and (2) a Fourth Amendment claim for excessive force against Sergeant Knox.  The Court will address these Fourth Amendment violations separately.

                *i.    Unreasonable Search and Seizure*

Defendants argue Plaintiff fails to allege sufficient facts that Deputy Jungwirth obtained Plaintiff's arrest warrant by means of judicial deception.  (ECF No. 7 at 2.)  In opposition, Plaintiff fails to address judicial deception and instead argues Deputy Jungwirth and Doe

---

[2] If Plaintiff wishes to reinstate those claims based on newly discovered evidence in the future, Plaintiff must file a properly noticed motion for leave to amend.

5

Defendants violated the Fourth Amendment by exceeding the scope of the warrant.  (ECF No. 10 at 6.)

As Defendants correctly point out in reply, Plaintiff's arguments are not based on allegations within the Complaint.  (ECF No. 12 at 3–5.)  Rather, Plaintiff sets forth new factual allegations and a new theory of liability for the first time in his opposition.  (*See* ECF No. 10 at 22–24.)  Accordingly, the Court GRANTS Defendants' motion to dismiss Claim One against Deputy Jungwirth for unreasonable search and seizure with leave to amend.[3]  *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

*ii.   Excessive Force as to Knox*

Defendants argue Plaintiff is barred from bringing a claim of excessive force against Sergeant Knox under the *Heck* doctrine.  (ECF No. 10 at 2.)  In opposition, Plaintiff argues the excessive force claim is not barred by *Heck* as it is not related to the underlying conviction under California Penal Code § 148 ("§ 148").  (ECF No. 10 at 15.)

"To avoid what's called the *Heck* bar on an excessive-force claim, a plaintiff must not imply an officer acted unlawfully during the events that form the basis of a resisting-arrest conviction under California Penal Code § 148(a)."  *Sanders v. City of Pittsburg*, 14 F.4th 968, 970 (9th Cir. 2021).  "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which [§] 1983 damages are sought, the 1983 action must be dismissed."  *Beets v. Cnty. of L.A.*, 669 F.3d 1038, 1046 (9th Cir. 2012).  "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"  *Cunningham v. Gates,* 312 F.3d 1148, 1153–1154 (9th Cir. 2002).

---

[3]   Defendants argue Plaintiff's request to amend should be denied, as such an amendment would be futile since there is no federally protected property interest in marijuana.  (ECF No. 12 at 4.)  The Court declines to address Defendants' argument at this stage.  *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

6

Defendants fail to persuade the Court that Plaintiff's conviction under § 148 would be negated if Sergeant Knox was found to have used excessive force during the June 7, 2018, incident. To obtain a conviction under § 148, the government must show that "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022). It appears the § 148 conviction arose from Plaintiff's actions following the administrative hearing on May 30, 2018, in which he threatened Deputy Jungwirth. (ECF No. 1 at 5; *see also* ECF No. 7-2 at 12 (adding the § 148 count "as it pertains to Deputy Jungwirth").) If Sergeant Knox was found to have used excessive force, the § 148 conviction would still stand, as nothing regarding Plaintiff's behavior on June 7, 2018, would negate an element listed. Put simply, the facts sufficiently show the incident prompting the § 148 conviction occurred before Sergeant Knox's alleged use of excessive force, involved a different officer, and was based on a different set of circumstances.

The Court therefore DENIES Defendants' motion to dismiss Claim One against Sergeant Knox for the excessive force.

    B.  Claim Five

Defendants argue Plaintiff has failed to plead sufficient facts to support a *Monell* claim against the County for failure to train and adequately supervise Sergeant Knox. (ECF No. 7 at 3.) Plaintiff argues in opposition that the County was on notice that Sergeant Knox was a "violent individual" and is therefore liable under *Monell* for his actions. (ECF No. 10 at 19.)

The Court agrees with Defendants that Plaintiff has failed to plead sufficient facts to support his claim. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff provides a single example of a prior case where Sergeant Knox was accused of using excessive

7

force. (ECF No. 10 at 10.) However, "isolated incidents of criminal wrongdoing by one deputy . . . do not suffice to put the County or [Sheriff] on 'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights.'" *Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014). To the extent Plaintiff seeks to add Captain Kain' ratification of Sergeant Knox's actions as a basis for liability, these allegations are not present in the Complaint and the Court declines to consider them.

Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Five with leave to amend.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 7) as follows:

1. The Court DENIES Defendants' motion as to Claim One against Sergeant Knox; and
2. The Court GRANTS Defendants' motion in all other respects and only gives leave to amend Claim One against Deputy Jungwirth for unreasonable search and seizure and Claim Five against the County.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint. If Plaintiff opts not to amend the Complaint, the case will proceed on the sole remaining claim in the Complaint, which is Claim One for excessive force against Sergeant Knox.

IT IS SO ORDERED.

Date:  September 22, 2023

Troy L. Nunley
United States District Judge