UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DEPREE, | No. 2:22-cv-01462-TLN-DMC |
| Plaintiff | |
| v. | **ORDER** |
| JERRY JUNGWIRTH II, et al., | |
| Defendants | |

This matter is before the Court on Defendants Jerry A. Jungwirth II ("Jungwirth"), Richard Knox ("Knox"), Eric Patterson ("Patterson"),[1] and County of Tehama's ("County") (collectively, "Defendants") Motion to Dismiss.[2] (ECF No. 18.)  Plaintiff Scott Depree ("Plaintiff") filed an opposition.  (ECF No. 22.)  Defendants filed a reply.  (ECF No. 23.)  For the reasons set forth below, the Court hereby GRANTS Defendants' motion.

///

---

[1]   Although Patterson is listed as a Defendant in the First Amended Complaint ("FAC"), the Court previously dismissed Plaintiff's claims against Patterson without leave to amend, and Plaintiff confirms Patterson is no longer a Defendant in this action.  (ECF No. 22 at 8.)  Therefore, the Court will not address arguments as to Patterson.

[2]   Plaintiff also sues several other County entities: (1) Tehama County Sheriff's Department; (2) Tehama County Code Enforcement; (3) Tehama County Department of Planning; and (4) Tehama County Department of Building and Safety.  Although these Defendants are arguably duplicative to the County, Defendants do not move to dismiss claims against those Defendants.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**[3]

This case arises from Defendants' allegedly unlawful search of Plaintiff's property and use of excessive force during Plaintiff's arrest. On June 4, 2018, Jungwirth, a Deputy Sheriff for County, applied for an Inspection and Abatement Warrant after observing what he believed to be illegal marijuana cultivation on Plaintiff's property. (ECF No. 17 at 4–5.) A magistrate judge signed the warrant the same day. (*Id.* at 7.) The scope of the warrant was limited to "the land proper and all non-residential buildings on the premises." (*Id.* at 7–8.) The warrant also authorized a safety sweep of residential structures as necessary for officer safety. (*Id.* at 8.) The warrant did not authorize a search of the residence or a seizure of lawfully possessed, processed marijuana. (*Id.*)

Defendants executed the warrant on June 7, 2018. (*Id.* at 14.) When Defendants arrived on the property, Sergeant Knox shot Plaintiff with a bean bag rifle and arrested him. (*Id.* at 12.) Defendants proceeded to search Plaintiff's residence (including an "attempt" to open a safe within the residence) and trailers located on the premises. (*Id.* at 14–15.) Plaintiff further alleges Defendants unlawfully seized 60 pounds of processed marijuana, which had been kept in large, sealed, opaque containers within a locked trailer. (*Id.* at 15.)

Plaintiff initiated this action on August 18, 2022. (ECF No. 1.) Defendants filed a motion to dismiss the Complaint, and the Court dismissed the Complaint in its entirety except for Plaintiff's excessive force claim against Knox. (ECF No. 16.) Plaintiff filed the FAC on October 8, 2023, alleging: (1) a 42 U.S.C. § 1983 claim for unlawful search and seizure and excessive force against the individual Defendants; and (2) a *Monell* claim against the County. (ECF No. 17.) Defendants filed the instant motion to dismiss on October 27, 2023. (ECF No. 18.)

II. **STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain

---

[3] The following recitation of facts is taken from the allegations in the FAC and only includes facts relevant to deciding the instant motion to dismiss.

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.     ANALYSIS**

Defendants move to dismiss Plaintiff's claim for unlawful search and seizure against the individual Defendants (Claim One) and Plaintiff's *Monell* claim against the County (Claim Two).[4] (ECF No. 18-1.) The Court will address Defendants' arguments in turn.

A.     <u>Unlawful Search and Seizure Claim</u>

In moving to dismiss the unlawful search and seizure claim, Defendants raise four main arguments: (1) Plaintiff fails to allege the warrant was obtained through judicial deception or was otherwise invalid; (2) Plaintiff fails to allege Defendants exceeded the scope of the warrant; (3) Plaintiff fails to allege he has standing to challenge the search; and (4) Plaintiff does not have a legally protected property interest in the marijuana seized.[5] (ECF No. 18-1 at 13–17.)

---

[4] Defendants do not move to dismiss the excessive force claim against Knox, which is also labeled Claim One and which survived the prior motion to dismiss.

[5] As will be discussed, the Court need not and does not address this fourth argument herein. However, the Court notes that Defendants rely on *Little v. Gore*, 148 F. Supp. 3d 936, 955 (S.D. Cal. 2015), and *Salazar v. City of Adelanto*, No. ED CV 19-2333-PA-SP 2020 WL 5778122, at *7, n.4 (C.D. Cal., Aug. 31, 2020). (ECF No. 18-1 at 15–16.) Both cases discussed this issue in the context of Fourteenth Amendment claims, not Fourth Amendment claims.

1    In opposition, Plaintiff clarifies that his claim is not based on a theory of judicial

2 deception. (ECF No. 22 at 8.) Rather, Plaintiff argues the claim is premised on the theory that

3 Jungwirth exceeded the scope of the warrant by searching Plaintiff's residence and by searching

4 drawers, cabinets, and containers in residential trailers on Plaintiff's property. (*Id.* at 8–9, 15–

5 16.) Plaintiff also argues he has standing to challenge the search. (*Id.*) Lastly, Plaintiff argues

6 Defendants unlawfully seized his processed marijuana and it is irrelevant whether Plaintiff has a

7 legally protected property interest for the purposes of a Fourth Amendment claim. (*Id.* at 18–19.)

8    The threshold issue is whether the allegations in the FAC are sufficient to establish that

9 Jungwirth exceeded the scope of the warrant. The Fourth Amendment protects "[t]he right of the

10 people to be secure … against unreasonable searches and seizures." U.S. Const. amend. IV. "[A]

11 search or seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth

12 Amendment to the extent it exceeds the scope of that warrant." *United States v. Ramirez*, 976

13 F.3d 946, 952 (9th Cir. 2020).

14    The Court agrees with Defendants that the allegations in the FAC are insufficient to

15 establish Jungwirth exceeded the scope of the warrant. As to the scope of the warrant, the FAC

16 alleges the search was limited to "the land proper, and all non-residential buildings on the

17 Premises in order to inspect and abate the unlawfully cultivated marijuana." (ECF No. 17 at 8.)

18 The FAC further alleges the warrant permitted "forcible entry of such non-residential buildings in

19 order to inspect and abate the unlawfully cultivated marijuana, and a safety sweep of residential

20 structures as necessary for Officer safety." (*Id.*)

21    As to the execution of the warrant, the FAC lacks sufficient allegations regarding

22 Jungwirth specifically. The allegations about Jungwirth primarily relate to events that took place

23 prior to execution of the warrant. (ECF No. 17 at 4–12.) There are no allegations that Jungwirth

24 personally exceeded the scope of the warrant during the search, and the FAC instead refers to

25 "Defendants" collectively. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) ("[A]

26 plaintiff [cannot] hold an officer liable because of his membership in a group without a showing

27 of individual participation in the unlawful conduct.").

28 ///

Moreover, while the FAC vaguely alleges Defendants searched Plaintiff's residence, there are insufficient facts to establish the search was illegal, especially considering the warrant permitted a protective sweep. (*Id.* at 14.) Plaintiff does not allege or argue that a protective sweep was unnecessary. Instead, Plaintiff argues Defendants' search exceeded the bounds of a protective sweep. (ECF No. 22 at 15–16.) However, the only specific allegation about the search of the residence is that an audio recording provides evidence where "a listener can hear an attempt to open a safe within the residence." (*Id*. at 15.) It is unclear how an "attempt" to open a safe constitutes an illegal search, and Plaintiff fails to cite authority on the issue.[6]

Rather than rely on allegations from the FAC to oppose Defendants' motion to dismiss, Plaintiff repeatedly relies on new allegations raised for the first time in his opposition. For example, Plaintiff argues Defendants opened compartments within the residence and searched drawers and cupboards within a "residential" trailer. (ECF No. 22 at 7.) This is the second time Plaintiff has improperly relied on allegations that are not present in the operative complaint. (*See* ECF No. 16 at 6.) The Court again declines to consider such allegations. *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Claim One for unreasonable search and seizure against Jungwirth with leave to amend.[7]

///

///

---

[6] Plaintiff also alleges Defendants exceeded the scope of the warrant by searching containers that held marijuana in a locked trailer. (ECF No. 17 at 15.) Although the warrant allowed the search of non-residential buildings, it is unclear whether the warrant allowed for a search of containers within non-residential buildings. Plaintiff does not adequately address the issue. However, because Plaintiff does not allege Jungwirth was personally involved in the search of locked trailer where the marijuana was found, the Court finds Plaintiff fails to allege an unreasonable search and seizure claim against Jungwirth.

[7] Because the Court dismisses the FAC for failing to allege Jungwirth exceeded the scope of the warrant, the Court need not and does not address Defendants' remaining arguments for dismissal of Claim One.

6

B. *Monell* Claim

Next, Defendants argue Plaintiff fails to allege sufficient facts to state a *Monell* claim against the County. (ECF No. 18-1 at 21–24.) Municipalities cannot be held liable under § 1983 for unconstitutional torts of their employees based solely on respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978). Pursuant to *Monell*, a municipality is only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional violation. *Id.* A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

The basis for Plaintiff's *Monell* claim is unclear. In the FAC, Plaintiff broadly alleges the County is liable for failing to train and supervise its employees. (ECF No. 17 at 18.) A failure to train or supervise can amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). In opposition, Plaintiff clarifies that the *Monell* claim only relates to the underlying excessive force claim against Knox. (ECF No. 22 at 20–21.) More specifically, Plaintiff argues: (1) the County was on notice that Knox was a violent individual who had a proclivity to use excessive force during an arrest based on a single case, *Murchison v. Cnty. of Tehama*, 69 Cal. App. 5th 867 (2021); and (2) after Knox shot Plaintiff with a bean bag rifle, Captain Kain, an individual with final policymaking authority, ratified the shooting by approving Jungwirth's report of the incident. The Court will address Plaintiff's arguments in turn.

i. *Past Incident of Excessive Force*

Plaintiff cites *Murchison*, a case in which Knox was accused of using excessive force during an arrest in 2015. (ECF No. 22 at 20.) Defendants argue *Murchison* is distinguishable and isolated incidents are insufficient to show a policy, custom, or practice. (ECF No. 18-1 at 20.)

7

At the pleading stage, the Court focuses on the similarity between the "factually pertinent" aspects of prior incidents to determine whether those incidents establish a failure to train. *McCoy v. City of Vallejo*, No. 2:19-cv-01191-JAM-CKD, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020). Plaintiff does not address the facts of *Murchison* as compared to the instant case. As such, the Court cannot say whether *Murchison* is sufficiently similar to the instant case to support a *Monell* claim. The Court also notes Plaintiff raised an identical argument in opposition to Defendants' prior motion to dismiss. (ECF No. 10 at 25.) In its prior order, the Court rejected Plaintiff's argument, stating that "isolated incidents of criminal wrongdoing by one deputy … do not suffice to put the County or [Sheriff] on 'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights.'" (ECF No. 16 at 8 (citing *Flores v. Cnty. Of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014)).) Plaintiff's renewed argument fails again for the same reason.[8]

          *ii.    Ratification*

Despite being labeled as a *Monell* claim based on failure to train/supervise, Plaintiff also includes allegations about ratification. (ECF No. 17 at 16.) Under the theory of ratification, a municipality may be liable if a policymaker, i.e., an official with final policy-making authority, ratified the unconstitutional conduct of a subordinate and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346–1348 (9th Cir. 1992). Ratification requires that the policymaker engage in a "conscious, affirmative choice" to endorse a subordinate's conduct. *Id.* at 1347. Alleging "a mere failure to overrule a subordinate's actions, without more, is insufficient" to state a claim under this theory. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Similarly, alleging a "mere failure to discipline does not amount to ratification." *Adomako v. City of Fremont*, No. 17-cv-06386, 2018 WL 2234179, at *3 (N.D. Cal. May 16, 2018).

---

[8] The FAC also cites another case, *Will v. Clay*, No. 2:20-CV-01529-KJM-AC, 2023 WL 3061965 (E.D. Cal. Apr. 24, 2023), which allegedly involved Tehama County Chief Eric Clay's use of excessive force against unlicensed cannabis cultivators during abatement operations in Tehama County. (ECF No. 17 at 16.) In their motion to dismiss, Defendants argue neither *Will* nor *Murchinson* are sufficient to support a *Monell* claim. (ECF No. 18-1 at 19.) In opposition, Plaintiff only cites *Murchison* and does not mention *Will*. Absent argument to the contrary, the Court finds allegations as to *Will* are insufficient for the same reasons discussed as to *Murchison*.

The FAC alleges Captain Kain, an official with final policy-making authority, ratified the shooting by approving Jungwirth's report about the incident, which stated in relevant part,

> It became apparent that deputies were going to have to approach [Plaintiff] since he would not follow commands and showed no indication he would eventually do so.  Rather than risk injury to deputies going hands-on with a documented, violent individual, a single bean bag round was fired and struck [Plaintiff].

(ECF No. 17 at 16–17.)  Defendants argue this allegation is conclusory and does not show deliberate indifference.  (ECF No. 18-1 at 20–21.)  The Court agrees.  The purpose and significance of the report is unclear from the FAC, and the report appears to merely provide a narrative of the events that occurred.  Plaintiff fails to cite authority to convince the Court that Kain's approval of the report constitutes a "conscious, affirmative choice" to endorse Knox's conduct.  *Gillette*, 979 F.2d at 1347.  Absent meaningful argument to the contrary, the Court concludes Plaintiff fails to allege a *Monell* claim against the County based on ratification.

Thus, Defendants' motion to dismiss Claim Two is GRANTED with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES Claim One for unreasonable search and seizure against Jungwirth and Claim Two against the County with leave to amend.  (ECF No. 18.)  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days from electronic filing date of the amended complaint.  If Plaintiff opts not to file an amended complaint, the case will proceed on the excessive force claim against Knox, and Knox shall file an answer not later than twenty-one (21) days after Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

Date: September 20, 2024

Troy L. Nunley
United States District Judge